## V. O. MACHINOIMPORT v. CLARK EQUIPMENT CO. et al.

United States District Court
S. D. New York.
Nov. 15, 1951.

See also, D.C., 11 F.R.D. 55.

Wolf, Popper, Ross & Wolf, New York City, for plaintiff.

Milbank, Tweed, Hope & Hadley, New York City, for defendants.

DIMOCK, District Judge.

This is a motion under Rule 37(b), Fed. Rules Civ. Proc. 28 U.S.C.A., by the defendant Clark Equipment Company for a dismissal, as to it, of plaintiff's complaint and a direction of a default judgment in said defendant's favor on a counterclaim. The basis of the motion is plaintiff's failure to produce for examination officers of plaintiff pursuant to an order of this court entered April 18, 1951, which denied a motion of plaintiff that the taking of depositions in accordance with a notice theretofore served be limited and modified so that the depositions would be taken on written interrogatories under letters rogatory.

The plaintiff has not opposed the motion for a dismissal of the complaint but asks that the dismissal be without prejudice and opposes the motion for the direction of a judgment for defendant on the counterclaim.

The basis for the plea that the dismissal be without prejudice is that the failure to produce the witnesses for examination was not willful. The only reason advanced for such failure is that the production of the witnesses would have deprived plaintiff of its right to review, on appeal from the final judgment, the order for their production.

It would be hard to imagine a default more willful. What plaintiff seeks to do is, in substance, to obtain an interlocutory review of the order for the examination of the witnesses. A dismissal without prejudice would have substantially that effect since, if plaintiff on appeal were not able to substantiate its position that the order for the examination was erroneous, all it would have to do would be to start a new action and have its officers submit to an examination in that action. Congress has not seen fit to provide for such an interlocutory review and there is no reason why the courts should afford it under the guise of a ruling that a default for the purpose of obtaining such an interlocutory review is not willful. The dismissal of the complaint will therefore be with prejudice.

Plaintiff's argument that there should not be judgment on the counterclaim is based on the position that the testimony to be elicited from the recalcitrant witnesses would not be material on the issue raised by the counterclaim. The motion papers, however, indicate that the testimony of the witnesses would be material on the counterclaim issue. Judgment will be directed for the defendant Clark Equipment Company on its counterclaim, the amount to be determined by an inquest.

Settle order on notice.